NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DORIS GISSELL ZEPEDA-PAZ; DARWIN JAPETH ZEPEDA; JOHAN ISSAC MARTINEZ-ZEPEDA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2035

Agency Nos.
A208-744-142
A208-744-143
A208-744-144

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024[**]
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Doris Gissell Zepeda-Paz and her two minor sons, Darwin Japeth Zepeda

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and Johan Issac Martinez-Zepeda,[1] are natives and citizens of Honduras.[2] They petition for review of a Board of Immigration Appeals' (BIA) order that affirmed an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's order and any parts of the IJ's decision adopted by the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1039–41 (9th Cir. 2005) (en banc). We review legal conclusions de novo and factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the deferential substantial-evidence standard, we only reverse if the evidence "compels" a contrary conclusion. *Id.* (internal quotation marks omitted).

1. Two procedural bars foreclose Zepeda-Paz's petition. First, Zepeda-Paz failed to exhaust her CAT claim by not challenging the IJ's denial of protection under CAT before the BIA. She has thus forfeited review of this claim. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Second, Zepeda-Paz has forfeited review of the no-nexus determination,

---

[1] We spell the Petitioners' names as they are spelt in the BIA's order. We note, however, that the record contains different spellings.

[2] Although both children submitted their own applications, those applications were based on the harm experienced by Zepeda-Paz. For that reason, we consider Zepeda-Paz's claims dispositive of her children's.

which is dispositive of her asylum and withholding-of-removal claims. Both claims require a causal relationship, or nexus, between a persecutory harm and a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017). Here, the BIA and IJ (together, the "agency") found no such nexus.

Zepeda-Paz fails to challenge this dispositive finding in this court. Her opening brief never states the legal standard for nexus and fails to support her conclusions with reasoned legal analysis. Because Zepeda-Paz did not "specifically and distinctly" discuss nexus in her brief, we consider the argument forfeited. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (internal quotation marks omitted).

2. Even if this dispositive argument was not forfeited, Zepeda-Paz's petition would fail on the merits, as substantial evidence supports the agency's conclusion that Zepeda-Paz was ineligible for asylum and withholding of removal. Consider first the asylum claim. Zepeda-Paz had to show persecution that she had experienced or reasonably feared and a nexus between the persecution and a protected ground. 8 U.S.C. § 1101(a)(42).

Substantial evidence supports the agency's finding of no past persecution. As the agency recognized, the only physical harm Zepeda-Paz endured was hairpulling, which falls short of the "significant physical harm" typically needed to establish persecution. *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). The

agency also determined that Zepeda-Paz had not shown that the government was unable or unwilling to control the gang members, a conclusion bolstered by the fact that the gang member who most directly threatened Zepeda-Paz had been, according to Zepeda-Paz's own testimony, arrested and imprisoned.

The agency's finding of no objectively reasonable fear of future persecution is also supported by substantial evidence. *See Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004) ("An asylum applicant's well-founded fear of persecution must be both subjectively genuine and objectively reasonable."). Zepeda-Paz testified that she had not been contacted by gang members since arriving in the United States. Moreover, Zepeda-Paz's family remains safe in Honduras, which "undermines a reasonable fear of future persecution." *Sharma*, 9 F.4th at 1066.

Substantial evidence supports the no-nexus finding, too. The agency found that any persecution was not because Zepeda-Paz belonged to a particular social group, but because she had confronted a gang member and was suspected of reporting him to the police. Zepeda-Paz's own testimony substantiates this finding.

Finally, the agency's denial of the withholding-of-removal claim is supported by substantial evidence. While the nexus standard for withholding of removal is less demanding than the nexus standard for asylum, when the agency finds no nexus at all, both the asylum and the withholding-of-removal claims fail.

*Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).  The lack of any nexus here defeats Zepeda-Paz's withholding-of-removal claim.

**PETITION DENIED.**